U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
FEB 0 3 2004
ROBERT H. SHEMWELL, CLERK
BY ______ DEPUTY

United States District Court
Western District of Louisiana

SEC P

Clarence Samuels
(Plaintiff)

CV04-0489 S

v.

JUDGE HICKS

Lt. Col. Mills, Maj. Stephens
Maj. Rogers, Lt. Benson
Lt. Paranuk, Sgt. Hudgeons
Margaret Gill, Venetia Michael
(Defendants)

MAGISTRATE JUDGE PAYNE

## Preliminary Statement

This is a civil rights action filed by Clarence Samuels, a state prisoner, for damages under 42 U.S.C. § 1983, alleging inhumane and unsanitary living conditions in violation of the Eighth Amendment to the United States Constitution. The plaintiff also alleges conspiracy to obstruct the due course of justice in violation of the Fourteenth Amendment to the United States Constitution, and the tort of negligence.

(1)

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331 (a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

3. The tort law of the forum state, La. Const. V § 16 (A), vests the district courts with original jurisdiction over all tort suits. Nevertheless, plaintiff did file an A.R.P. with the department, a copy of which will be provided by ORDER of the court since the institution refuses to copy ARP's

## Parties

1. Plaintiff Clarence Samuels is an inmate at David Wade Correctional Center, 670 Bell Hill Rd., Homer, LA 71040.

2. Defendants Lt. Col. Mills, Maj. Stephens, Maj. Rogers, Lt. Benson, Lt. Paranuk are field supervisors at David Wade.

3. Defendant Sgt. Charles Hudgeons is a line pusher of a field crew at David Wade.

4. Defendant Margaret Gill is a classification officer at David Wade.

5. Defendant Venetia Michael is Warden of David Wade.

## Facts

1. Inmates assigned to the field crews at David Wade Correctional Center must walk behind, and work among, the horse-mounted guards.

2. The horses defecate.

3. The horse feces gets on, and clings to, the inmates' shoes, tools, and hands.

4. The inmates are denied both the opportunity and the facilities whereby they can clean the horse feces from their persons, especially their shoes, so that the shoes remain contaminated and track the horse feces into the living quarters.

5. Horse feces is unsanitary.

6. To force inmates to live with horse feces constitutes cruel and unusual punishment. It is an "unquestioned and serious deprivation of basic human needs," and violates the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324 (1991), Rhodes v. Chapman, 452 U.S. at 347. By allowing this condition to continue, defendant Michael commits the tort of negligence.

"A sanitary environment is a basic human need that a penal institution must provide for all inmates." Toussaint v. McCarthy, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984) aff'd in part and rev'd in part on other grounds, 801 F.2d 1080 (9th Cir. 1986) cert. denied, 481 U.S. 1069 (1987). See also Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.) cert. denied, 438 U.S. 915 (1978).

7. On 1-30-04 defendant Margaret Gill refused to grant me permission to have the Complaint of this suit copied, in order to deter me from filing with the court. She also refused to copy the A.R.P. for the same reason. This violates my right to access the courts by denying me legal copies.

## Relief

1. Immediate injunctive relief ordering the defendants to provide inmates assigned to the field crews with a reasonable means of cleaning the horse feces from their work shoe and that until such means are made available, inmates currently assigned to the field crews be temporarily reassigned, or worked in such a way as to avoid physical contact with horse feces.

2. Immediate injunctive relief ordering defendant Gill to refrain from hampering my access to the court by refusing me the opportunity to obtain legal copies.

3. Monetary damages for the deliberate continued imposition of these unconstitutional violations.

4. Monetary damages for any reprisal executed by the defendants or anyone else acting on their behalf.

Proof of Service

Plaintiff Clarence Samuels declares under penalty of perjury pursuant to 28 U.S.C. §1746 that he mailed a handwritten copy of this suit to all parties and to the U.S. District Court for the Western District of La. on 2-2-04

Respectfully submitted,
Clarence Samuel
2-2-04

RECEIVED
FEB 03 2004
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Clarence Samuels 133005
670 Bell Hill Rd.
Homer, LA 71040

SEC P

2-2-04

CV04-0489 S

Clerk's Office, U.S. District Court
Western District of La.

JUDGE HICKS

MAGISTRATE JUDGE PAYNE

Dear Clerk's Office:

Would you please let me know the date of filing for this suit? Thank you for your help.

Respectfully,
Clarence Samuels